[Preble County Circuit Court, November Term, 1894.]

Stewart C. J., Shauck and Shearer, JJ.

*Brown v. Harshman, Executor.

Although, where one of two joint executors is insolvent during the whole period of his executorship, a claim due from him to his testator ought to be included in the inventory, among the credits and effects of the deceased, as required by section 6069 of the Revised Statutes, such executors will not be held liable for the same as for so much money in their hands; nor will they be required to apply and distribute to the same in payment of the debts and legacies and among the next of kin as part of the personal estate of the deceased.

Error to the Court of Common Pleas of Preble county.

L. J. Harshman and S. D. Harshman, executors of the last will of Mary Harshman, deceased, included in their inventory of the assets of the estate of said decedent a promissory note of $500, executed by said S. D. Harshman to said testatrix in her lifetime.

At the time of his appointment as one of the executors, S. D. Harshman was and thereafter continued to be insolvent.

In their final account said executors charged themselves with the amount of said note and took credit for the same as a worthless claim.

To this account certain legatees filed exceptions, upon the ground that said executors had failed to charge themselves with said note.

From the order of the probate court sustaining said exceptions, the executors appealed; and the court of common pleas upon hearing found "that said S. D. Harshman was at the time of the death of the testatrix, has ever since been, and still is wholly insolvent; and that said executors should not be charged with any part of the note of said S. D. Harshman, etc.," and remanded the cause to the probate court for a reformation of the account and settlement accordingly.

This order of the common pleas is assigned for error.

Shearer, J.

It is claimed on behalf of the plaintiff in error that under the provisions of section 6069 of the Revised Statutes, said executors have no election except to charge themselves with and to account for the note in question; and the following cases are relied on in support of the contention: *Tracy's Administrator* v. *Card's Administrator*, 2 O. S., 450; *Bigelow* v. *Bigelow*, 4 Ohio, 138, and *Martin's Administrator* v. *Train's Executor*, 3 Ohio Circ. Dec., 344.

Undoubtedly, the general rule is that a debt due from an administrator or executor to the estate he represents becomes assets in his hands *eo instante* that he qualifies; but that the rule is without exception, we think cannot be maintained. The precise question before us has not been passed upon by the Supreme Court. What has been said upon the general question by that tribunal is in the nature of *obiter dicta*.

But an examination of the Ohio cases leads to the conclusion that the presumption raised by the statute that the debt of an executor to the estate he represents is assets in his hands, is not conclusive, but may be rebutted. The fiction is employed for a useful purpose, but will not be permitted to work injustice where it can be avoided. *Bigelow* v. *Bigelow, supra*.

So in this case, in the absence of anything to the contrary, the presumption is that the note in question became assets in the hands of the executors the moment they qualified as such. But it appearing that S. D. Harshman, at the time of his qualification and thenceforward, was insolvent, it seems a monstrous doctrine that the claim, theretofore worthless, was, by the appointment of Harshman as an executor, vitalized and converted into assets worth one hundred cents on the dollar; especially as such holding would in effect impose upon his co-

*This decision is denied in Perkins v. Scott, *post*, 226, 229: It is approved in McCoy v. Allen, *post*, 659.

CIRCUIT. COURTS. 11

executor a liability as surety for the insolvent executor for a claim due from the latter personally and in which the former had no interest whatever.

We think the correct doctrine is stated in *Barcus* v. *Stover*, 24 Hun., 109, afterwards affirmed by the court of appeals (107 New York, 624), where the court, construing a statute substantially like section 6069, R. S., say: "Although * * * an executor must include a debt due from him to his testator, in the inventory, and is, upon the final accounting *prima facie* to be held liable therefor, as for so much money in his hands at the time the debt became due, yet the presumption of solvency created by the statute may be rebutted, and the executor may show an honest inability to pay the debt continuing during the whole period of his executorship."

Our statute contemplates a state of solvency, ability to pay the debt, not one of honest insolvency. Where it declares that the executor shall be liable for his indebtedness to the estate, as for so much money in his hands, an ability to pay while executor is within the contemplation of the law. It is not intended to have application to an exceptional case of his inability to meet his promise. Any other construction would make an insolvent executor, by virtue of the statute itself, an embezzler of money which he never received and which he was unable to obtain; and this without any *laches* or wrong on his part. See, also, *Garber* v. *The Commonwealth*, 7 Pa. St., 265; *Harker* v. *Irick*, 2 Stock. Chy., 269. Such a construction would be both unreasonable and unjust. *Barcus* v. *Stover*, *supra*.

It is a just rule that a trustee will be held liable for more than he receives only in case of "supine negligence or willful default." *Taylor* v. *Bonham*, 5 *How.* (U. S.), 275. All that can be demanded of him is perfect honesty and reasonable diligence. 1 Iredell's Eq. (N. C.), 108.

So we hold that, S. D. Harshman, being insolvent during the whole period of his executorship, the probate court should have allowed a credit for said debt in the final account with the estate; and the judgment of the court of common pleas is therefore affirmed.

*Robert Miller*, Attorney for Plaintiff in Error.

*James A. Gilmore*, Attorney for Defendant in Error.